IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE DRUCK, : | |
|            Petitioner, : | |
| : | |
| v. : | Civ. No. 19-5794 |
| : | |
| BARRY SMITH, et al., : | |
|            Respondents. : | |

**ORDER**

On November 3, 2020, Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation, in which she recommended that I dismiss *pro se* Petitioner George Druck's Section 2254 habeas petition as time barred, without an evidentiary hearing and with no certificate of appealability. (Doc. No. 31.) On February 8, 2021, I approved and adopted her Report and Recommendation. (Doc. Nos. 39–40.)

On October 19, 2022, Druck filed a Request for Speedy Disposition, asking the Magistrate Judge to complete the Report and Recommendation respecting his Petition. (Doc. No. 70.) Because my Order Adopting and Approving the Report and Recommendation was mailed to Petitioner, but the Report and Recommendation apparently itself was not, I vacated my Adoption Order to ensure that Druck was afforded the opportunity to object. (Doc. No. 71); see Local R. Civ. P. 72.1 IV (b); 28 U.S.C. § 636(b)(1)(C).

On November 29, 2022, I granted Druck's Motion for Extension of Time to Object, providing him with an additional sixty days to file any objections to the Report and Recommendation (January 28, 2023). Druck has since made four timely filings and one untimely filing, which I will liberally construe as Objections. (See Doc. Nos. 75, 77–80.) Because I have already set out the facts and legal standard in my February 2021 Order, I will not set them out in detail here. (Doc. No. 39.)

I. **LEGAL STANDARD**

In reviewing a report and recommendation, I must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). I may "accept, reject, or modify, in whole or in part" these findings and recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee's Note.

II. **DISCUSSION**

In ruling that Druck's Petition is time barred, Judge Sitarski noted that his judgment of sentence became final on April 18, 2012, and the AEDPA limitations clock expired a year later—some six years before Druck filed the instant Petition. (R&R, Doc. No. 31, at 5.) Judge Sitarski concluded that Druck is entitled to some statutory tolling (i.e., tolling while a while a properly filed state court petition for collateral relief pends), but that his pending PCRA petition pushed his habeas deadline until only August 18, 2014. (Id. at 6.) Druck's Petition was thus still five years late.

Liberally construing Druck's Petition as invoking the "actual innocence" exception to the statute of limitations, Judge Sitarski found that Druck had not made a showing of actual innocence. (Id. at 6–7.) Druck claimed that the allegations against him—that he sexually abused a five-year-old boy whose father was Druck's acquaintance—were fabricated by the police chief and the victim's mother to retaliate against him because his criminal record had been expunged. Druck also provided a letter purporting to be from the victim's brother who said that his mother had falsified the allegations. Judge Sitarski remarked that Druck had nonetheless not presented new, reliable "evidence of innocence so strong that a court cannot have confidence in the outcome of

the trial." Reeves v. Fayette SCI, 897 F.3d 154, 161 (3d Cir. 2018).

After reviewing Druck's submissions following the vacating of my original Adoption Order, I agree with Judge Sitarski. Indeed, many of Druck's submissions are the same or similar to those he filed following the Report and Recommendation's issuance, and which I previously construed as objections. Among the items Druck has submitted are: (1) a letter purporting to be from the victim's brother stating that Druck "is truly innocent of thoses [sic] Allegation's [sic]"; (2) portions of the trial transcript; (3) a commendation from an Inspector of Public Safety at the University of the Arts for preventing a robbery there in 2006; (4) a letter regarding the 2009 expungement of his criminal record, which had listed a 1986 A.R.D. disposition of statutory rape, involuntary deviant sexual intercourse, indecent assault, and corruption of minors charges; (5) a secondary school diploma earned in 2017; (6) a certificate of training in "Basic Fire Police" from 2006; (7) an annotated docket from his criminal case in which the charges, Druck argues, were fabricated in retaliation for Druck's expungement of his similar criminal record; and (8) a letter proclaiming his innocence. (Doc. Nos. 13, 75, 77–80.) Alone or in combination, none of these documents amounts to new evidence that calls into question the jury's verdict. See House v. Bell, 547 U.S. 518, 538 (2006) (because only in the "extraordinary" case will new evidence defeat the limitations clock, the petitioner must show no reasonable juror would have found him guilty); Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004) (testimony or evidence that could have been proffered at trial is not "new" evidence). Druck similarly argued at trial that the victim's mother fabricated the allegations, albeit for a different reason—an argument the jury apparently rejected. Com. v. Druck, 2014 WL 10937503, at *2 (Pa. Super. Ct. May 30, 2014).

Because Druck has not made the requisite evidentiary showing of actual innocence, he cannot overcome the one-year AEDPA limitations clock. Accordingly, his Petition is time barred.

### III.     CONCLUSION

Having vacated my original adoption to permit Druck to object, and finding Druck's objections unpersuasive, I will once again approve and adopt Judge Sitarski's Report and Recommendation.  An appropriate Judgment Follows.

**AND IT IS SO ORDERED.**

July 14, 2023

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.